OPINION
{¶ 1} Appellant, Charles M. Clifford ("Clifford") appeals the May 20, 2004 judgment of the Common Pleas Court of Paulding County sentencing him to a prison term of seven years and payment of restitution and court costs.
 {¶ 2} On January 13, 2004, Clifford stabbed his estranged wife, Rachel Clifford, several times at her residence in Antwerp, Ohio in Paulding County. Clifford fled the scene and could not be located by law enforcement officers when they responded to the scene. Clifford later turned himself in to the Defiance post of the Ohio State Highway Patrol.
 {¶ 3} On February 13, 2004, Clifford was indicted on two counts of rape of an individual less than thirteen years of age, felonies of the first degree in violation of R.C. 2907.02(A)(1)(b), one count of felonious assault, a felony of the second degree in violation of R.C.2903.11(A)(1), and one count of sexual battery, a felony of the third degree in violation of R.C. 2907.03(A)(5). The felonious assault count was severed from the remaining counts for the purpose of trial on March 29, 2004. Clifford pled not guilty to the charge of felonious assault and a jury trial was held. The jury found Clifford guilty of the charge on May 12, 2004. A sentencing hearing was held on May 17, 2004. In its May 20, 2004 judgment entry, the trial court sentenced Clifford to a prison term of seven years and ordered him to pay court costs and restitution for the victim's medical expenses in the total amount of $28,562.55. It is from this judgment that Clifford now appeals asserting the following four assignments of error.
The trial court erred by sentencing Mr. Clifford based on facts notfound by the jury or admitted by Mr. Clifford.
 The trial court erred by imposing restitution without considering Mr.Clifford's ability to pay.
 When a trial court includes a punishment in the written sentencingjudgment, but not in the sentence it imposes from the bench at thesentencing hearing, a court of appeals may remand the case and direct thetrial court to conform the entry to the sentence imposed from the bench.
 The trial court erred by imposing court costs.
 {¶ 4} In his first assignment of error, Clifford argues that the trial court did not have the authority to sentence him beyond the minimum prison term of two years. Clifford bases this argument on the United States Supreme Court's recent decision of Blakely v. Washington (2004), 542 U.S. ___, 124 S.Ct. 2531, 159 L.Ed.2d 403. In Blakely, the Court applied the rule of Apprendi v. New Jersey (2000), 530 U.S. 466, 490,120 S.Ct. 2348, 147 L.Ed.2d 435, that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." The Court noted that "the `statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solelyon the basis of the facts reflected in the jury verdict or admitted bythe defendant." Blakely, 124 S.Ct. at 2537, citing Ring v. Arizona
(2002), 536 U.S. 584, 602, 122 S.Ct. 2428, 153 L.Ed.2d 556.
 {¶ 5} R.C. 2929.14(B) requires the trial court to impose the shortest prison term authorized for an offense unless one or more of the following applies:
(1) The offender was serving a prison term at the time of the offense,or the offender previously had served a prison term.
 (2) The court finds on the record that the shortest prison term willdemean the seriousness of the offender's conduct or will not adequatelyprotect the public from future crime by the offender or others.
 {¶ 6} The statutory sentencing range for felonious assault, a felony of the second degree, is two, three, four, five, six, seven or eight years. Clifford argues that since R.C. 2929.14(B) requires factual findings to be made in order for the trial court to sentence a defendant beyond the minimum statutory prison term, the Blakely-Apprendi statutory maximum for felonious assault is a prison term of two years, which is the maximum sentence the trial court could impose on him without making additional findings.
 {¶ 7} In State v. Trubee, 3d Dist. No. 9-03-65, 2005-Ohio-552, at ¶ 23, this Court determined that under the Blakely holding R.C. 2929.14(B) did not authorize a court to impose a sentence beyond the "statutory maximum." The Trubee Court stated that R.C. 2929.14(A) sets a sentencing range by degree of felony and R.C. 2929.14(B) limits a defendant's potential sentence within that statutory range. Id. In considering theBlakely decision, the Apprendi decision and its progeny, as well as the Supreme Court's post-Blakely evaluation of the Federal Sentencing Guidelines in United States v. Booker (2005), 125 S.Ct. 738, the Trubee
Court reasoned:
In reality, all R.C. 2929.14(B) does is mandate a minimum sentenceunless the trial court determines that the offender deserves a higherprison sentence within the range permissible for that crime. It thenlimits the ways the court can determine that the higher punishment isnecessary. In this way, R.C. 2929.14 creates an indefinite sentencingscheme, but limits judicial discretion within that scheme. It does not,however, allow judicial discretion to interfere with the province ofpower reserved to the jury. Put another way, it does not allow the judgeto usurp the jury's power by engaging in any factual determinations thatset the available range of sentences apart from the range alreadyprovided in the statute.
Id. at ¶ 36. Accordingly, the Court found that the "`statutory maximum' under R.C. 2929.14 is the highest prison term permitted by section (A) under the Blakely-Apprendi definition." Id. at ¶ 38.
 {¶ 8} In the case sub judice, the trial court made the following findings at the sentencing hearing: the victim suffered serious physical harm, Clifford's relationship with the victim facilitated the offense, Clifford had prior criminal convictions in 1978 and 1979, and Clifford showed no remorse for his conduct. The court considered the nature of the assault, including the number of stab wounds and the extent of injury, in determining that Clifford should be sentenced to a term of imprisonment. Taking all of these findings into consideration, the trial court determined that the shortest prison term would demean the seriousness of Clifford's conduct and would not adequately protect the public from future crime by Clifford. Accordingly, the trial court sentenced Clifford to a prison term of seven years.
 {¶ 9} After reviewing the record, we conclude that the trial court's findings are supported by the record. The trial court's finding that the victim suffered serious physical harm is supported by the testimony of Dr. Raymond Cava. Dr. Cava testified that the victim suffered multiple stab wounds, one of which caused injury to her liver and pancreas. Dr. Cava testified that the wound to the victim's liver was potentially life-threatening.
 {¶ 10} The trial court's finding that Clifford's relationship with the victim facilitated the offense is also supported by the record. The victim, Rachel Clifford, testified that Clifford is her ex-husband. The couple had been separated prior to the incident in this case but had been trying to work things out. Rachel testified that her relationship with Clifford was strained. Clifford was not residing in Rachel's residence in January, 2004, but Clifford spent the night at Rachel's on January 12, 2004 and was there on the morning of January 13, 2004.
 {¶ 11} The trial court also made a finding that Clifford showed no remorse for his conduct. At the sentencing hearing, Clifford made the following statement:
I can't add anything, just confirm what he said, that I believe thatthis incident was brought on by her affairs and I believe it was one ofthose affairs that actually done the actual crime. It wasn't me. That'sall I've got to say.
May 17, 2004, Transcript of Sentencing Hearing, p. 5-6. Therefore, it was proper for the trial court to consider Clifford's lack of remorse in determining his sentence. Further, it was proper for the trial court to consider Clifford's prior convictions. See Trubee, 2005-Ohio-552, at ¶ 39.
 {¶ 12} The record reveals that the trial court made the necessary findings on the record to sentence Clifford to a term of imprisonment beyond the minimum. Further, these findings are supported by the record. Therefore, the trial court did not err in sentencing Clifford to a prison term of seven years. Accordingly, Clifford's first assignment of error is overruled.
 {¶ 13} In his second assignment of error, Clifford argues that the trial court erred in ordering him to pay restitution without considering his current or future ability to pay.
 {¶ 14} R.C. 2929.18(A)(1) authorizes the trial court to impose financial sanctions, including restitution, upon an offender. Before imposing any financial sanctions, the trial court has a mandatory duty to "consider the offender's present and future ability to pay the amount of the sanction." R.C. 2929.19(B)(6). However, there is no requirement that the court hold a hearing on the matter. State v. Martin,140 Ohio App.3d 326, 338, 2000-Ohio-1942, 747 N.E.2d 318. Further, there are no express factors that the trial court must take into consideration or findings the trial court must make on the record regarding the offender's ability to pay. Id. All that is required under R.C. 2929.19(B)(6) is that the trial court consider the offender's ability to pay. Furthermore, finding that an offender is indigent for purposes of appointment of counsel does not shield an offender from imposition of a financial sanction. State v. Kelly (2001),145 Ohio App.3d 277, 283, 762 N.E.2d 479.
 {¶ 15} In examining the record in this case, we find nothing in the transcript of the sentencing hearing or in the trial court's sentencing entry that demonstrates the trial court considered Clifford's ability to pay restitution. While information contained in a presentence investigation report relating to a defendant's age, health, education and employment history has been found sufficient to comply with R.C.2929.19(B)(6) when taken into consideration by the trial court, there was no presentence investigation report in the record in this case. Martin,140 Ohio App.3d at 338-339. The State argues that "[i]t is clear from the record that the trial court had information regarding [Clifford's] present and future ability to pay restitution including his age, health, education, and work history which were contained in the CCH report." Brief of Appellee, p. 5. However, a computerized criminal history (CCH) report is not part of the record on appeal, nor does the trial court indicate at the sentencing hearing or in its sentencing entry that it considered any information contained in a CCH report. Without any knowledge of the contents of such report, and without the trial court's indication that it considered such report, we cannot infer that the trial court considered Clifford's present and future ability to pay restitution. Cf. State v. Heuser, 3d Dist. No. 5-04-10, 2004-Ohio-5345, at ¶ 22 (order of restitution upheld where trial court noted it was "[a]ware of the financial situation, the employment history, [and the] current circumstances" of defendant); State v. Robinson, 3d Dist. No. 5-04-12, 2004-Ohio-5346, at ¶ 18 (order of restitution upheld where record included an employment history of defendant and trial court indicated it was aware of such employment history and defendant's indigent status).
 {¶ 16} Accordingly, because the record before us fails to demonstrate that the trial court considered Clifford's ability to pay restitution, the court's order that Clifford pay restitution is contrary to law. The second assignment of error is sustained. The restitution order will be reversed and vacated, and the matter remanded to the trial court for a determination of Clifford's present and future ability to pay restitution, and resentencing on that issue.
 {¶ 17} In his third assignment of error, Clifford argues that the judgment entry of sentencing included an order for Clifford to pay court costs which was not imposed at the sentencing hearing. Therefore, Clifford asserts that the order of court costs violates Crim.R. 43(A). Further, in his fourth assignment of error, Clifford argues that the trial court erred in imposing court costs against him because he is indigent.
 {¶ 18} The assessment of court costs is governed by R.C. 2947.23. A trial court is required to assess the cost of prosecution against a convicted criminal defendant. R.C. 2947.23(A)(1). The statute requires the court to include "in the sentence the costs of prosecution and render a judgment against the defendant for such costs." Id. (emphasis added.) There is no requirement that the imposition of court costs be made on the record at the sentencing hearing. Since the imposition of court costs is mandatory, and not at the discretion of the trial court, the Crim.R. 43(A) protection that a defendant be present at the imposition of sentence was not violated.
 {¶ 19} We further conclude that the trial court did not err in assessing court costs against Clifford despite his indigent status at the time of trial. The Ohio Supreme Court recently held in State v. White,103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, at ¶ 8, that "R.C.2947.23 does not prohibit a court from assessing costs against an indigent defendant; rather it requires a court to assess costs against all convicted defendants." Further, the Court held that a clerk of courts may attempt to collect on a judgment for court costs against an indigent defendant. Id. at ¶ 14. Accordingly, Clifford's third and fourth assignments of error are overruled.
 {¶ 20} Having found merit with the second assignment of error, the judgment of the Common Pleas Court of Paulding County is affirmed in part, and reversed in part, and remanded to the trial court for resentencing on the issue of restitution.
Judgment Affirmed in part, Reversed in part, And Cause Remanded.
 Shaw and Rogers, J.J., concur.