DECISION AND JUDGMENT ENTRY
{¶ 1} After James Henderson plead guilty to multiple counts of Theft, the trial court sentenced him to prison and reserved jurisdiction to address the issue of restitution to the victims of his crimes at a later date. After Henderson moved for and received judicial release, the trial court entered an order requiring Henderson to pay restitution as well as court costs. On appeal, Henderson argues that the trial court erred in ordering restitution to the victims without determining his present and future ability to pay it. However, the trial court's entry states that the court considered the record and the pre-sentence investigation report. Because the pre-sentence investigation report gave the trial court information regarding Henderson's present and future ability to pay restitution, including his age, health, education, military service, and employment *Page 2 
histories, the record supports the conclusion that the trial court considered his ability to pay restitution.
 {¶ 2} Henderson also suggests that the trial court erred by not holding a separate hearing on his ability to pay restitution. However, the trial court dealt with the issue of restitution at the judicial release hearing, and Henderson had the opportunity to raise any challenges to an order of restitution at that time. Furthermore, the sentencing statute requires the trial court to hold a separate hearing on restitution only when the defendant or the victim disputes the amount of restitution. Because Henderson did not dispute the amount requested by the State or ordered by the trial court, the court did not err by ordering restitution without an additional hearing. Therefore, we affirm the judgment below.
 I. Facts {¶ 3} Henderson plead guilty to one count of grand theft in violation of R.C. 2913.02(A)(2), a fourth-degree felony, one count of grand theft in violation of R.C. 2913.02(A)(3), a fourth-degree felony, and ten counts of theft in violation of R.C. 2913.02(A)(3), fifth-degree felonies. As an insurance agent, Henderson had diverted premiums paid by his customers to his own use without securing insurance coverage for them. Henderson also embezzled almost $100,000 from the McArthur V.F.W. Post during the time that he served as its quartermaster. The trial court sentenced Henderson to a term of 29 months in prison, but it granted his motion for judicial release after he had served part of his sentence. However, a requirement of Henderson's judicial release was that he actively seek employment and remain employed and that he make monthly payments of restitution as detailed in the court's restitution order. In its *Page 3 
entry ordering restitution, the trial court stated that it had considered the record and the pre-sentence investigation report, which contained information regarding Henderson's age, health, education, military service, and employment history as well as details of his assets and liabilities. The trial court ordered Henderson to pay restitution to the McArthur V.F.W. Post and to his insurance customers. Henderson now brings this appeal.
 II. Assignment of Error {¶ 4} Henderson presents one assignment of error: "The trial court erred to the prejudice of the Defendant and committed an abuse of discretion in ordering restitution without first determining the Defendant's present and future ability to pay."
 III. Consideration of the Ability to Pay Restitution {¶ 5} As a financial sanction, R.C. 2929.18(A)(1) allows the court to order a felony offender to make restitution to the victim of the offender's crime in an amount based on the victim's economic loss. Before ordering an offender to pay a financial sanction such as restitution, R.C. 2929.19(B)(6) requires the court to "consider the offender's present and future ability to pay the amount of the sanction or fine." "[W]hen a trial court has imposed a financial sanction without even a cursory inquiry into the offender's present and future means to pay the amount imposed, the failure to make the requisite inquiry is an abuse of discretion." State v. Bemmes, Hamilton App. No. C-010522, 2002-Ohio-1905, at ¶ 9. In other words, courts have no discretion to apply an improper analysis or process in deciding an issue even where they may have discretion in the ultimate decision on the merits. SeeState v. Nayar, Lawrence App. No. 07CA6, 2007-Ohio-6092, at ¶ 33. *Page 4 
 {¶ 6} Henderson argues that the trial court's "passing reference" to the pre-sentence investigation report does not show that the court considered his present and future ability to pay. In particular, Henderson argues that the record is devoid of any statements regarding his ability to pay restitution and that the record does not even contain the pre-sentence investigation report. However, on the State's motion, we ordered supplementation of the record with Henderson's pre-sentence investigation report, which is properly part of the record on appeal in this case. See State v. Martin, 140 Ohio App.3d 326, 327,2000-Ohio-1942, 747 N.E.2d 318 ("Although the PSI report is not part of the public record, it is part of the appellate record for our review.").
 {¶ 7} We have consistently held that, "[although preferable for appellate review, a trial court need not explicitly state in its judgment entry that it considered a defendant's ability to pay a financial sanction. Rather, courts look to the totality of the record to see if this requirement has been satisfied." State v. Smith, Ross App. No. 06CA2893, 2007-Ohio-1884, at ¶ 41, quoting State v. Ray, Scioto App. No. 04CA2965, 2006-Ohio-5343, at ¶ 26. We have explained that the trial court complies with R.C. 2929.19(B)(6) when the record shows that the court considered a pre-sentence investigation report that provides pertinent financial information regarding the offender's ability to pay restitution. Smith, 2007-Ohio-1884, at ¶ 42. Although the trial court did not explicitly state in its restitution order that it had considered Henderson's present and future ability to pay, it did state that it had considered the record and the pre-sentence investigation report. That report contains information regarding Henderson's age, education, military service, physical and mental health, and employment histories. Furthermore, the report describes his "financial condition," detailing his assets and debts. Henderson did not *Page 5 
challenge the information contained in the pre-sentence investigation report in the trial court, nor did he argue that he lacked the ability to pay restitution. Therefore, the record supports the conclusion that the trial court sufficiently considered Henderson's present and future ability to pay restitution. See Martin, 140 Ohio App.3d at 327-28
(holding that consideration of a pre-sentence investigation report that contains information about the offender's age, health, education, and work history satisfies the requirements of R.C. 2929.19(B)(6)).
 {¶ 8} Henderson also suggests that the trial court should have held a hearing on his ability to pay restitution. However, the trial court dealt with the issue of restitution at the judicial release hearing, and Henderson had the opportunity to raise any challenges to an order of restitution at that time. R.C. 2929.18(A)(1) requires the court to hold a hearing on restitution only "if the offender, victim, or survivor [of the victim] disputes the amount." See Smith, 2007-Ohio-1884, at ¶ 41 ("[R.C. 2929.18(A)(1)] does not require a court to hold a specific hearing on the issue of the ability to pay, although courts may choose to do so."). At the judicial release hearing, Henderson's attorney stated that the amounts of restitution requested by the State was "straightforward." Because Henderson did not dispute the amount of restitution before the trial court or request a hearing on his ability to pay it, there was no need to hold an additional hearing.
 {¶ 9} Therefore, we affirm the judgment below.
 JUDGMENT AFFIRMED. *Page 6 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Vinton County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 Kline, J. McFarland, J.: Concur in Judgment and Opinion. *Page 1