[Cite as *State v. Parker*, 183 Ohio App.3d 431, 2009-Ohio-3667.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## AUGLAIZE COUNTY

The STATE OF OHIO,

    APPELLEE,                               CASE NO.  2-09-11

    v.

PARKER,                                    O P I N I O N

    APPELLANT.

Appeal from Auglaize County Common Pleas Court
Trial Court No. 2008 CR 189

Judgment Affirmed in Part, Reversed in Part and Cause Remanded

Date of Decision:    July 27, 2009

APPEARANCES:

    Amy Otley Beckett, for appellee.

    Sarah M. Schregardus, for appellant.

**WILLAMOWSKI, Judge.**

{¶1} The defendant-appellant, Jason Parker, appeals the judgment of the Auglaize County Common Pleas Court convicting him of attempted theft, breaking and entering, and vandalism and ordering him to pay restitution as part of his sentence. On appeal, Parker contends that the trial court erred by convicting him of both breaking and entering and vandalism because the crimes constitute allied offenses of similar import, and that the trial court erred by failing to consider his present and future ability to pay before ordering restitution. For the reasons set forth herein, the judgment of the trial court is affirmed in part and reversed in part.

{¶2} On December 8, 2008, Parker and his brother, Randy Parker, broke a window and punched the ignition in a van owned by Lear Fire Equipment in an attempt to steal the vehicle. The van had been parked in a garage on the property of Lear Fire Equipment. A passerby noticed the crime and chased the brothers away. Investigating law-enforcement officers observed two sets of shoeprints in the snow and traced the shoeprints to a residence, where they observed Parker wearing shoes with the same tread pattern they had been tracking.

{¶3} On December 18, 2008, the Auglaize County Grand Jury indicted Parker on one count of attempted theft, a violation of R.C. 2923.02(A) and 2913.02(A)(1), a fifth-degree felony; one count of breaking and entering, a

violation of R.C. 2911.13(B), a fifth-degree felony; and one count of vandalism, a violation of R.C. 2909.05(B)(1)(a), a fifth-degree felony. Parker pleaded not guilty to each of the charges, and the case proceeded to jury trial on February 25-26, 2009. The jury found Parker guilty on each offense, and the trial court immediately proceeded to sentencing. The court ordered Parker to serve consecutive prison terms of nine months for the attempted theft conviction, 12 months for the breaking-and-entering conviction, and 12 months for the vandalism conviction, for an aggregate prison term of 33 months. The court also ordered Parker to pay restitution to the victim in the amount of $1,280.27. Parker appeals the judgment of the trial court, raising two assignments of error for our review.

### First Assignment of Error

The trial court erred by entering convictions for breaking and entering and vandalism against [Appellant] for allied offenses of similar import, in violation of R.C. 2941.25(A).

### Second Assignment of Error

The trial court committed plain error by ordering [Appellant] to pay $1,280.27 in restitution without considering his present and future ability to pay, as required by R.C. 2929.19(B)(6).

{¶4} In the first assignment of error, Parker contends that the trial court erred by sentencing him for both breaking and entering and vandalism because the crimes are allied offenses of similar import. Parker argues that "the physical harm [he] caused was incidental to the breaking and entering. Vandalism here is

implicit within the breaking and entering charge." In response, the state of Ohio claims that under Parker's argument, "by virtue of the fact that the breaking and entering for purpose to commit a felony requires a felony, the breaking and entering statute would always be a single animus and thus moot to prosecute," and the General Assembly did not intend such a result.

{¶5} Parker did not object when the court imposed sentence for each offense and has therefore waived all but plain error under Crim.R. 52. *State v. Elmore*, 111 Ohio St.3d 515, 2006-Ohio-6207, 857 N.E.2d 547, at ¶ 52, citing *State v. Williams* (1977), 51 Ohio St.2d 112, 364 N.E.2d 1364, at paragraph one of the syllabus; *State v. Comen* (1990), 50 Ohio St.3d 206, 211, 553 N.E.2d 640. Plain error will be recognized " 'with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.' " *State v. Landrum* (1990), 53 Ohio St.3d 107, 110, 559 N.E.2d 710, quoting *State v. Long* (1978), 53 Ohio St.2d 91, 372 N.E.2d 804, at paragraph three of the syllabus. Plain error will exist if the trial court deviated from a legal rule, the error constituted an obvious defect in the proceedings, and the error affected a substantial right of the accused. *State v. Barnes* (2002), 94 Ohio St.3d 21, 27, 759 N.E.2d 1240.

{¶6} R.C. 2941.25 codifies the General Assembly's intent that cumulative punishments for "two separate offenses stemming from the same conduct violate

the Double Jeopardy Clause." *State v. Winn*, 121 Ohio St.3d 413, 2009-Ohio-1059, 905 N.E.2d 154, at ¶ 6, citing *State v. Rance* (1999), 85 Ohio St.3d 632, 635, 710 N.E.2d 699. The statute is also " ' "a clear indication of the General Assembly's intent to permit cumulative sentencing for the commission of certain offenses," ' which 'precludes an "unconstitutional" label.' " *Winn* at ¶ 6, quoting *Rance* at 635-636, quoting *State v. Bickerstaff* (1984), 10 Ohio St.3d 62, 66, 461 N.E.2d 892, fn. 1. R.C. 2941.25 provides:

> (A)    Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
>
> (B)    Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶7} In evaluating whether crimes are allied offenses of similar import, the court has implemented a two-tiered test. *Winn* at ¶ 10, citing *State v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, at ¶ 18, citing *State v. Cabrales,* 118 Ohio St.3d 54, 2008-Ohio-1625, 886 N.E.2d 181, at ¶ 14.

> " 'In the first step, the elements of the two crimes are compared. If the elements of the offenses correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import and the court must then proceed to the second step. In the second step, the defendant's *conduct* is reviewed to determine whether the defendant can be

convicted of both offenses. If the court finds either that the crimes were committed separately or that there was a separate animus for each crime, the defendant may be convicted of both offenses.' "

(Emphasis sic.) Id. at ¶ 10, quoting *Brown* at ¶ 19, quoting *State v. Blankenship* (1988), 38 Ohio St.3d 116, 117, 526 N.E.2d 816.

{¶8} In the first step of the test, the elements of the offenses must be compared in the abstract and not under a " 'strict textual comparison.' " *Winn,* 121 Ohio St.3d 413, 2009-Ohio-1059, 905 N.E.2d 154, ¶ 11, quoting *Cabrales* at ¶ 22, citing *Rance* at 637-638.

"To interpret *Rance* as requiring a strict textual comparison would mean that only where *all* the elements of the compared offenses coincide *exactly* will the offenses be considered allied offenses of similar import under R.C. 2941.25(A)." (Emphasis sic.) *Cabrales,* 118 Ohio St.3d 54, 2008-Ohio-1625, 886 N.E.2d 181, ¶ 22.

We rejected a "strict textual comparison" and stated, "Instead, if, in comparing the elements of the offenses in the abstract, the offenses are so similar that the commission of one offense will necessarily result in commission of the other, then the offenses are allied offenses of similar import." Id. at ¶ 26. *Cabrales* explained that elements need not be identical for offenses to be allied.

Id. at ¶ 11-12.

{¶9} Parker was convicted of breaking and entering in violation of R.C. 2911.13(B), which states, "No person shall trespass on the land or premises of another, with purpose to commit a felony." The definition of "trespass" is found in R.C. 2911.21 and, as it relates to this case, essentially precludes a person from entering the land, including buildings and structures, of another without privilege

to do so. Parker was also convicted of vandalism in violation of R.C. 2909.05(B)(1)(a), which states:

> No person shall knowingly cause physical harm to property that is owned or possessed by another, when either of the following applies: The property is used by its owner or possessor in the owner's or possessor's profession, business, trade, or occupation, and the value of the property or the amount of physical harm involved is five hundred dollars or more.

{¶10} In what is a question of first impression in the state, we hold that under an abstract analysis of the above-stated statutes, breaking and entering under R.C. 2911.13(B) and vandalism under R.C. 2909.05(B)(1)(a) are not allied offenses of similar import. Although Parker was convicted under different subsections of the statutes, we note that the Eighth Appellate District has rejected the argument that breaking and entering committed under R.C. 2911.13(A) and vandalism committed under R.C. 2909.05(B)(1)(b) are allied offenses of similar import. *State v. Hawkins*, 8th Dist. No. 90704, 2008-Ohio-6475, citing *State v. Payton* (Dec. 14, 2000), 8th Dist. No. 76967, 2000 WL 1867406.

{¶11} In regard to the statutes addressed in this case, a person may be guilty of breaking and entering under R.C. 2911.13(B) by simply trespassing onto another's property with the intent to commit any felony thereon. A conviction for breaking and entering will not necessarily result in a conviction for vandalism under R.C. 2909.05(B)(1)(a), which requires physical harm to limited types of property and with a value restriction. Likewise, a conviction for vandalism under

R.C. 2909.05(B)(1)(a) will not necessarily result in a conviction for breaking and entering under R.C. 2911.13(B), as the offense of vandalism could be committed on one's own land or on land the offender was privileged to enter. Having held that the offenses do not satisfy the first step of the *Rance* test, we need not consider the second step of the test. The first assignment of error is overruled.

{¶12} In the second assignment of error, Parker contends that the trial court erred by not considering his present and future ability to pay before ordering restitution as part of the sentence. The state argues, "In light of [Parker's] consent to pay the restitution, the lack of a fine, the obviously able-bodied, young man with no afflictions present in the courtroom, additional consideration of Ohio Revised Code § 2929.19(B)(6) was not necessary in order to order the payment of restitution and costs." The state has apparently construed Parker's lack of objection to be his "consent" to pay restitution.

{¶13} R.C. 2929.18(A)(1) permits a trial court to impose financial sanctions, including restitution, as part of a sentence. However, before the court may impose financial sanctions, it has a mandatory duty to "consider the offender's present and future ability to pay the amount of the sanction or fine." R.C. 2929.19(B)(6). The trial court is not required to hold a hearing on ability to pay, nor are there any specific factors to consider or findings to make. *State v. Clifford*, 3d Dist. No. 11-04-06, 2005-Ohio-958, at ¶ 14, reversed on other grounds

in *In re Ohio Criminal Sentencing Statutes Cases*, 109 Ohio St.3d 313, 2006-Ohio-2109, 847 N.E.2d 1174, citing *State v. Martin* (2000), 140 Ohio App.3d 326, 338, 747 N.E.2d 318. The court must merely consider the offender's ability to pay. Id. " '[W]hen a trial court has imposed a financial sanction without even a cursory inquiry into the offender's present and future means to pay the amount imposed, the failure to make the requisite inquiry is an abuse of discretion.' " *State v. Haney*, 180 Ohio App.3d 554, 2009-Ohio-149, 906 N.E.2d 472, at ¶ 22, quoting *State v. Henderson,* 4th Dist. No. 07CA659, 2008-Ohio-2063, at ¶ 5, citing *State v. Bemmes* (Apr. 5, 2002), 1st Dist. No. C-010522, 2002 WL 507337.

{¶14} In *Clifford*, there was no indication that the trial court had considered the defendant's ability to pay. We recognized that a pre-sentence investigation report ("PSI") containing information such as "a defendant's age, health, education and employment history has been found sufficient to comply with R.C. 2929.19(B)(6) when taken into consideration by the trial court." Id. at ¶ 15, citing *Martin* at 338-339. However, no PSI had been prepared. Id. In *Clifford*, the state argued that the court had received and considered similar information through its review of a computerized criminal history. Id. The computerized criminal history was not part of the appellate record, nor did the trial court indicate that it had considered that information. Id. We therefore refused to

infer that the trial court considered the defendant's present and future ability to pay. Id.

{¶15} In *State v. Frock*, 2d Dist. No. 2004 CA 76, 2007-Ohio-1026, at ¶ 8-9, 19, the appellate court reversed the trial court's order of restitution based on its failure to consider the defendant's present and future ability to pay. In *Frock*, a PSI included information about the defendant's age (21 years old), his educational background, his mental-health diagnoses, his dependency on illegal drugs, his "extensive" criminal background, and his "sporadic" employment background. The amount of restitution was established based on amounts reported by the victims, and the trial court never mentioned Frock's present or future ability to pay, let alone inquired on the topic. Id. at ¶ 8.

{¶16} In this case, the trial court proceeded to sentencing immediately after the conclusion of trial, without the benefit of a PSI. The court discussed Parker's criminal history with him and considered exhibit 6, admitted during trial, to establish the amount of restitution. During trial, the court heard evidence that Parker was addicted to drugs and alcohol, that he had been laid off from his employment prior to the offenses, that Parker had been seeking both a drug-rehabilitation program and somebody to subsidize the $500 fee for the rehabilitation, and that Parker had attempted to steal the van from Lear Fire Equipment because he needed a ride. We find the facts of this case to be similar to

those in *Clifford* and refuse to infer or presume that the trial court did consider Parker's present and future ability to pay restitution. The second assignment of error is sustained.

{¶17} The judgment of the Auglaize County Common Pleas Court is affirmed in part and reversed in part, and the cause is remanded for additional proceedings.

Judgment affirmed in part
and reversed in part,
and cause remanded.

ROGERS and SHAW, JJ., concur.