[Cite as *State v. Whitaker*, 2024-Ohio-696.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HARDIN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

AMBER NICOLE WHITAKER,

    DEFENDANT-APPELLANT.

CASE NO. 6-23-11

O P I N I O N

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

AMBER NICOLE WHITAKER,

    DEFENDANT-APPELLANT.

CASE NO. 6-23-12

O P I N I O N

Appeals from Hardin County Common Pleas Court
Trial Court Nos. CRI 20222106 and CRI 20222176

**Judgments Affirmed**

**Date of Decision: February 26, 2024**

**APPEARANCES:**

   *Michael B. Kelley* **for Appellant**

   *McKenzie J. Klinger* **for Appellee**

**MILLER, J.**

{¶1} Defendant-appellant, Amber N. Whitaker ("Whitaker"), appeals the July 12, 2023 judgment entries of sentence of the Hardin County Court of Common Pleas. For the reasons that follow, we affirm.

{¶2} On September 14, 2022, Whitaker was indicted in Hardin County case number CRI 20222106 on 23 drug-related offenses, including: Count Seventeen of trafficking in a fentanyl-related compound in violation of R.C. 2925.03(A)(2), (C)(9)(f), a first-degree felony; Count Nineteen of aggravated trafficking in drugs in violation of R.C. 2925.03(A)(2), (C)(1)(d), a second-degree felony; and Count Twenty-Three of money laundering in violation of R.C. 1315.55(A)(1) and 1315.99(C), a third-degree felony. Counts Seventeen and Nineteen also each contained a firearm specification and firearm and currency forfeiture specifications. Whitaker appeared for arraignment on September 28, 2022 and entered not guilty pleas to the counts and specifications in the indictment. On November 16, 2022, Whitaker was indicted in Hardin County case number CRI 20222176 on one count of escape in violation of R.C. 2921.34(A)(1), (C)(2)(a), a second-degree felony. Whitaker entered a not guilty plea on December 1, 2022.

{¶3} A change-of-plea hearing was held in both cases on June 20, 2023. At that hearing, pursuant to a negotiated-plea agreement, Whitaker entered guilty pleas to Counts Seventeen, Nineteen, and Twenty-Three in case number CRI 20222106.

Whitaker also agreed to forfeit the currency and firearms referenced in the accompanying specifications. In exchange, the State agreed to recommend dismissal of the remaining counts and specifications in the indictment. Additionally, Whitaker entered a guilty plea to the escape charge in case number CRI 20222176. The trial court accepted Whitaker's guilty pleas, found her guilty, and dismissed the remaining counts and specifications.

{¶4} The parties appeared for sentencing on July 11, 2023. In case number CRI 20222106, the trial court sentenced Whitaker to a mandatory minimum term of three years up to maximum of four and one-half years in prison on Count Seventeen, a mandatory term of two years in prison on Count Nineteen, and twelve months in prison on Count Twenty-Three. The trial court also ordered forfeiture of the firearms and currency referenced in the accompanying specifications. Whitaker was also ordered to pay court costs, reimbursement in the agreed amount of $2,465.00, and a mandatory fine of $10,000.00 in Count Seventeen. Court-appointed counsel fees in the amount of $435.00 were also assessed to Whitaker as a civil assessment. With respect to case number CRI 20222176, the trial court sentenced Whitaker to serve two years in prison. The trial court further ordered Whitaker to serve the prison terms in case number CRI 20222106 consecutively to each other and consecutive to the prison terms in case number CRI 20222176. The trial court filed its judgment entries of sentence the following day.

**{¶5}** Whitaker filed notices of appeal on August 3, 2023. She raises two assignments of error for our review.

## First Assignment of Error

**The trial court's sentence is contrary to law as the court failed to specifically and orally state at the sentencing hearing that the escape count runs consecutive to the counts in [case number] 2022-2106, which is plain error.**

**{¶6}** In her first assignment of error, Whitaker argues that her sentence is contrary to law because the trial court failed to properly advise her that her sentence in CR 20222176 was to be served consecutively to her sentence in CR 20222106. For the reasons that follow, we disagree.

*Standard of Review*

**{¶7}** Under R.C. 2953.08(G)(2), an appellate court may reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

*Relevant Authority*

**{¶8}** In her assignment of error, Whitaker argues that the trial court erred by imposing consecutive sentences without specifically advising her the sentences in the two cases would be served consecutively. "Except as provided in * * * division (C) of section 2929.14, * * * a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state, another state, or the United States." R.C. 2929.41(A). R.C. 2929.14(C) provides:

> (4) * * * [T]he court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶9}** R.C. 2929.14(C)(4) requires a trial court to make specific findings on the record when imposing consecutive sentences. *State v. Hites*, 3d Dist. Hardin No. 6-11-07, 2012-Ohio-1892, ¶ 11. Specifically, the trial court must find: (1) consecutive sentences are necessary to either protect the public or punish the offender; (2) the sentences would not be disproportionate to the offense committed; and (3) one of the factors in R.C. 2929.14(C)(4)(a), (b), or (c) applies. *Id.*

**{¶10}** The trial court must state the required findings at the sentencing hearing prior to imposing consecutive sentences and incorporate those findings into its sentencing entry. *State v. Sharp*, 3d Dist. Putnam No. 12-13-01, 2014-Ohio-4140, ¶ 50, citing *State v. Bonnell*, 140 Ohio St. 209, 2014-Ohio-3177, ¶ 29. A trial court "has no obligation to state reasons to support its findings" and is not "required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *Bonnell* at ¶ 37.

*Analysis*

**{¶11}** Whitaker does not argue that the trial court failed to make the requisite consecutive-sentencing findings under R.C. 2929.14(C)(4) or that the record does not support the trial court's consecutive-sentencing findings. Rather, she contends that the trial court did not properly advise her that the sentences in case numbers CRI 20222106 and CRI 20222176 were to be served consecutively.

{¶12} After reviewing the record, we find Whitaker's argument to be unfounded. A plain reading of the transcript reveals that the issue of whether the sentences should be served concurrently or consecutively was a focal point of each party's argument at the sentencing hearing. After each party presented their respective positions, and contrary to Whitaker's assertion otherwise, the trial court clearly informed her of the consecutive nature of her sentences in case numbers CRI 20222106 and CRI 20222176.

{¶13} At the sentencing hearing, after announcing Whitaker's sentence, the trial court stated:

> This does have a period of post-release control of up to three years but not less than 18 months, of which is mandatory. If you violate the terms of post-release control, it's the same as what I just went over with you in the other case. That is to run consecutive with the sentence in the other case.

(July 11, 2023 Tr. at 43). Whitaker contends the trial court's comments regarding post-release control immediately prior to its discussion of the consecutive nature of the sentences results in ambiguity regarding the consecutive or concurrent nature of the sentence in case number CRI 20222176 with respect to the sentence imposed in case number CRI 20222106. Whitaker argues that the trial court's reference to "run[ning] consecutive" could be interpreted to be referencing the terms of post-release control rather than the prison terms associated with the two cases.

(Appellant's Brief at 4). Accordingly, Whitaker alleges that the trial court failed to properly inform her of the consecutive nature of the sentences.

{¶14} However, the trial court had previously informed Whitaker:

I am going to make a finding that your sentences in both cases shall run concurrent to the case in Marion County but I am going to also run your sentences in your two cases here as well as the counts in those sentences consecutive. I feel that it's necessary to protect the public from future crime, and I do not feel it's disproportionate to the danger you have posed to Hardin County residents by your drug dealing and your actions in this case.

(*Id.* at 39). Accordingly, the trial court clearly informed Whitaker that the prison terms in the two pending Hardin County cases were to be served consecutively. Furthermore, the judgment entries of sentence also state that Whitaker's sentences in case number CRI 20222106 and CRI 20222176 are to be served consecutively. Thus, we find Whitaker's argument that the trial court failed to properly inform her of the consecutive nature of her sentences to be without merit.

{¶15} Whitaker's first assignment of error is overruled.

**Second Assignment of Error**

**The trial court erred when it ordered the payment of court costs, fines, fees, court appointed attorney's fees, and reimbursement as the order is contrary to law.**

**{¶16}** In her second assignment of error, Whitaker argues the trial court erred by ordering the payment of court costs, mandatory fines, fees, court-appointed attorney fees, and reimbursement fees without considering her ability to pay.

**{¶17}** R.C. 2929.19(B)(5) requires a trial court to "consider the offender's present and future ability" to pay before imposing a financial sanction or fine under R.C. 2929.18 or 2929.32, respectively. "'The trial court is not required to hold a hearing on ability to pay, nor are there any specific factors to consider or findings to make.'" *State v. Wilkins*, 3d Dist. Shelby No. 17-13-13, 2014-Ohio-983, ¶ 17, quoting *State v. Parker*, 183 Ohio App.3d 431, 2009-Ohio-3667, ¶ 13 (3d Dist.). "'Furthermore, "a trial court need not explicitly state in its judgment entry that it considered a defendant's ability to pay a financial sanction. Rather, [appellate] courts look to the totality of the record to see if the requirement has been satisfied."'" *Id.*, quoting *State v. Crish*, 3d Dist. Allen No. 1-08-13, 2008-Ohio-5196, ¶ 50, quoting *State v. Smith*, 4th Dist. Ross No. 06CA2893, 2007-Ohio-1884, ¶ 42.

**{¶18}** "'"[W]hen a trial court has imposed a financial sanction without even a cursory inquiry into the offender's present and future means to pay the amount imposed, the failure to make the requisite inquiry is an abuse of discretion."'" *Parker* at ¶ 13, quoting *State v. Haney*, 180 Ohio App.3d 554, 2009-Ohio-149, ¶ 22, quoting *State v. Henderson*, 4th Dist. Vinton No. 07CA659, 2008-Ohio-2063, ¶ 5. However, because Whitaker did not object to the imposition of the financial

sanctions, she has forfeited all but plain error on appeal. *Wilkins* at ¶ 8. "'To recognize plain error, we must find obvious error affecting such substantial rights that the error was outcome-determinative.'" *State v. West*, 3d Dist. Seneca No. 13-22-07, 2022-Ohio-4069, ¶ 23, quoting *State v. Henslee*, 5th Dist. Muskingum No. CT2017-0009, 2017-Ohio-5786, ¶ 13. "'In the context of sentencing, outcome-determinative means an error that resulted in a sentence which is contrary to law.'" *Id.* at ¶ 24, quoting *Henslee* at ¶ 13.

{¶19} Moreover, our review of the record indicates that at least some of Whitaker's sentence was pursuant to the parties' joint recommendation. Specifically, relevant to her argument on appeal, Whitaker agreed to pay court costs, the cost of prosecution, her prior court-appointed counsel fees[1], and laboratory fees. At the sentencing hearing, the parties memorialized this agreement on the record. The State summarized the parties' agreement regarding financial sanctions and responsibility as follows:

> The parties did agree that [Whitaker] would address court costs, cost of prosecution, and prior court-appointed counsel fees, and any laboratory fees. Her laboratory fees are $1,040. And then reimbursement was also agreed to of $1,425 to the Hardin County Sheriff's Office. The laboratory fees are actually payable to the sheriff's office as well for a combined figure to the sheriff of [$]2,465, Your Honor.

---

[1] The record shows Whitaker was originally represented by court-appointed counsel and later retained trial counsel.

(July 11, 2023 Tr. at 4-5). Indeed, the trial court's sentence was consistent with the parties' agreement.

{¶20} R.C. 2953.08(A) provides specific grounds for a defendant to appeal a sentence. *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, ¶ 10. However, under R.C. 2953.08(D)(1), "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." "In discussing jointly recommended sentences, the Ohio Supreme Court has recognized that '[t]he General Assembly intended a jointly agreed-upon sentence to be protected from review precisely because the parties agreed that the sentence is appropriate.'" *State v. Morris*, 3d Dist. Hardin No. 6-12-17, 2013-Ohio-1736, ¶ 11, quoting *State v. Porterfield*, 106 Ohio St.3d 5, 2005-Ohio-3095, ¶ 25.

{¶21} Here, the parties agreed to a mutual sentencing recommendation that included court costs, court-appointed attorney fees, and laboratory fees. Accordingly, with respect to those components, Whitaker cannot now complain of her bargained for sentence. *See State v. Pishok*, 3d Dist. Seneca No. 13-03-43, 2003-Ohio-7118, ¶ 23.

{¶22} Moreover, despite the parties' joint agreement, the record indicates that the trial court, nonetheless, considered Whitaker's current and future financial

situation, including the impact incarceration could have on her financial situation, when fashioning her sentence. Specifically, the trial court stated as follows:

> I am going to order that you pay a mandatory $10,000.00 fine in [Hardin County] Case Number 2022 2106. That's the mandatory fine on Count 17. There is a mandatory fine in Count 19. I'm going to make a specific finding that levying that mandatory fine in addition to the other one would create an undue hardship. You're going to be in jail for an extended period of time. You're going to come out and probably have a hard time getting a good job, so on Count 19, I am going to order zero fine.

(July 11, 2023 Tr. at 39-40). Furthermore, the trial court indicated at the sentencing hearing that it considered the PSI prepared in the instant case. (*Id.* at 37). That PSI includes information relating to Whitaker's educational background, health, prior work history, and some information regarding her financial situation. (*See* PSI). Specifically, the PSI states that Whitaker is 41 years old, has some college education, and is in good physical health although she has some mental health diagnoses. (PSI). Whitaker and her husband owned their home, and although she was not working at the time of the sentencing hearing, Whitaker had previous full-time and part-time employment, and was in the process of launching an online craft business. (PSI). *See West*, 2022-Ohio-4069, at ¶ 27-29; *Parker*, 2009-Ohio-3667, at ¶ 14-16; *State v. Clifford*, 3d Dist. Paulding No. 11-04-06, 2005-Ohio-958, ¶ 14, *reversed on other grounds*, *In re Ohio Criminal Sentencing Statutes Cases*, 109 Ohio St.3d 313, 2006-Ohio-2109; *Crish*, 2008-Ohio-5196, at ¶ 50 ("When the trial court considers information in the [PSI] relating to the defendant's age, health,

education, and employment history, that is sufficient to comply with R.C. 2929.19(B)[5]."). Additionally, although the trial court appointed trial counsel for Whitaker, she subsequently retained private counsel. (*See* Case No. CRI 20222106, Doc. Nos. 27, 28). Additionally, the trial court considered that proceeds from Whitaker's drug-related activity funded her lifestyle. (July 11, 2023 Tr. at 7). Accordingly, it is clear the trial court considered Whitaker's present and future ability to pay and we reject her argument to the contrary.

{¶23} We note that, in *State v. Taylor*, 163 Ohio St.3d 508, 2020-Ohio-6786, the Supreme Court of Ohio addressed what is required of a trial court under R.C. 2941.51(D) when ordering a defendant reimburse the county for court-appointed counsel fees. The Court explained that court-appointed counsel fees "may be assessed at the sentencing hearing, [however], they cannot be included as part of the offender's sentence." *Id.* at ¶ 37. The court clarified that "[i]f the assessment of the fees is included in the sentencing entry, the court must note that the assessment of the court-appointed-counsel fees is a civil assessment and is not part of the defendant's sentence." *Id.* Here, the language of the judgment entry indicates that the court-appointed counsel fees were assessed as part of a civil assessment, rather than part of Whitaker's sentence. (Case No. CRI 20222106, Doc. No. 67). Thus, the trial court did not err by ordering Whitaker to pay the court-appointed counsel fees.

-13-

**{¶24}** Whitaker's second assignment of error is overruled.

*Conclusion*

**{¶25}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgments of the Hardin County Court of Common Pleas.

***Judgments Affirmed.***

**WALDICK and ZIMMERMAN, J.J., concur.**

**/hls**