[Cite as *State v. Spangler*, 2024-Ohio-883.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
LOGAN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

CASE NO. 8-23-02

    v.

ROGER D. SPANGLER,

O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Logan County Common Pleas Court
Trial Court No. CR 21 09 0261

Judgment Affirmed

Date of Decision:  March 11, 2024

APPEARANCES:

    *Christopher Bazeley* for Appellant

    *Eric C. Stewart* for Appellee

**MILLER, J.**

{¶1} Defendant-appellant, Roger Spangler ("Spangler"), appeals the January 24, 2023 judgment of the Logan County Court of Common Pleas. For the reasons that follow, we affirm.

{¶2} On September 14, 2021, Spangler was indicted by the Logan County Grand Jury on four counts: Count One of operating a vehicle under the influence of alcohol, a drug of abuse, or a combination of them ("OVI") in violation of R.C. 4511.19(A)(1)(a), a fourth-degree felony; Count Two of domestic violence in violation of R.C. 2919.25(A), a first-degree misdemeanor; Count Three of attempted felonious assault in violation of R.C. 2923.02 and 2903.11(A)(2), a third-degree felony; and Count Four of driving under OVI suspension in violation of R.C. 4510.14(A), a first-degree misdemeanor. Spangler initially entered not guilty pleas.

{¶3} Spangler appeared for a change-of-plea hearing on December 20, 2022. Pursuant to a negotiated-plea agreement, Spangler withdrew his not guilty plea with respect to Count One and entered a plea of guilty. In exchange, the State recommended dismissal of the remaining counts. The trial court accepted Spangler's guilty plea, found him guilty of Count One, and ordered a presentence investigation ("PSI"). Further, the trial court dismissed the remaining counts of the indictment.

**{¶4}** On January 24, 2023, Spangler was sentenced to five years of community control which included sixty days of local incarceration. Relevant to this appeal, Spangler was also ordered to pay a fine of $5,000.00. That same day, the trial court filed its judgment entry of sentence.

**{¶5}** Spangler filed his notice of appeal on February 6, 2023. He raises two assignments of error. For ease of discussion, we will address Spangler's assignments of error in reverse order.

## Second Assignment of Error

**Spangler's plea was not knowingly, intelligently, or voluntarily given.**

**{¶6}** In his second assignment of error, Spangler argues that the trial court failed to comply with Crim.R. 11(C)(2)(a) before it accepted his guilty plea to OVI. Specifically, Spangler contends the trial court erred by failing to correctly inform him of the maximum fine associated with the offense.

### *Felony Pleas & Crim.R. 11(C)*

**{¶7}** "Because a no-contest or guilty plea involves a waiver of constitutional rights, a defendant's decision to enter a plea must be knowing, intelligent, and voluntary." *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, ¶ 10. "If the plea was not made knowingly, intelligently, and voluntarily, enforcement of that plea is unconstitutional." *Id.*

**{¶8}** Crim.R. 11, which outlines the procedures that trial courts must follow when accepting pleas, "'ensures an adequate record on review by requiring the trial court to personally inform the defendant of his rights and the consequences of his plea and determine if the plea is understandingly and voluntarily made.'" *Id.* at ¶ 11, quoting *State v. Stone*, 43 Ohio St.2d 163, 168 (1975). Crim.R. 11(C), which applies specifically to a trial court's acceptance of pleas in felony cases, provides in relevant part as follows:

> (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally * * * and doing all of the following:
>
> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
>
> (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
>
> (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

Crim.R.11(C)(2)(a)-(c).

{¶9} "When a criminal defendant seeks to have his conviction reversed on appeal, the traditional rule is that he must establish that an error occurred in the trial-court proceedings and that he was prejudiced by that error." *Dangler* at ¶ 13. However, in the criminal-plea context, the Supreme Court of Ohio has carved out two limited exceptions to the prejudice component of the traditional rule. *Id.* at ¶ 14-15. First, when a trial court fails to explain the constitutional rights listed in Crim.R. 11(C)(2)(c) that the defendant waives by pleading guilty or no contest, it is presumed that the plea was entered involuntarily and unknowingly, and no showing of prejudice is required. *Id.* at ¶ 14. Second, "a trial court's *complete* failure to comply with a portion of Crim.R. 11(C) eliminates the defendant's burden to show prejudice." (Emphasis sic.) *Id.* at ¶ 15. "Aside from these two exceptions, the traditional rule continues to apply: a defendant is not entitled to have his plea vacated unless he demonstrates he was prejudiced by a failure of the trial court to comply with the provisions of Crim.R. 11(C)." *Id.* at ¶ 16.

*Analysis*

{¶10} In determining whether to vacate a defendant's plea due to a trial court's alleged noncompliance with Crim.R. 11(C), we engage in a three-step inquiry. First, we ask whether the trial court has complied with the relevant portion of Crim.R. 11(C). *Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, at ¶ 17. If we determine that the trial court has not complied fully with the relevant portion of Crim.R. 11(C), we then query whether the failure is "of a type that excuses a

defendant from the burden of demonstrating prejudice." *Id.* Finally, if we find that the failure is not one of the two types that relieves the defendant of his burden to demonstrate prejudice, we ask whether the defendant has shown that he was prejudiced by the trial court's noncompliance with Crim.R. 11(C). *Id.* Applying this analysis to the facts of this case, we conclude that Spangler is not entitled to a vacation of his guilty plea.

{¶11} Spangler argues his conviction should be reversed because the trial court failed to correctly inform him of the maximum fine. Accordingly, Spangler contends the trial court did not inform him of the maximum penalty pursuant to Crim.R.11 (C)(2)(a).

{¶12} At the change-of-plea hearing, after informing Spangler of the maximum term of incarceration for fourth-degree felony OVI, the trial court engaged in the following dialogue with Spangler:

> [Trial Court]: There are fines involved. There is a minimum fine of $1,350. The Court's required to fine you that amount. I can fine you up to $2,500. Do you understand that?
>
> [Spangler]: Yes, sir.

(Dec. 20, 2022 Tr. at 11). However, R.C. 4511.19(G)(1)(d)(iii) provides that the trial court must impose a mandatory fine between $1,350 and $10,500. Thus, the trial court misspoke when it stated the maximum fine was $2,500. At the sentencing hearing, the trial court ordered Spangler to pay a $5,000 fine, which was within the

permissible statutory range, albeit in excess of the $2,500 figure referenced by the trial court.

{¶13} "A criminal sentence consists of several distinct components, including a prison sentence, a fine, postrelease control, and where applicable, certain criminal statutory registration and notification requirements." *State v. Fabian*, 12th Dist. Warren No. CA2019-10-119, 2020-Ohio-3926, ¶ 20. "[A] trial court's total failure to inform a defendant of a distinct component of the maximum penalty during a plea colloquy constitutes a complete failure to comply with Crim.R. 11(C)(2)(a), thereby requiring the vacation of the defendant's guilty or no contest plea." *Id.* "By contrast, a trial court's mention of a component of the maximum penalty during a plea colloquy, albeit incomplete or perhaps inaccurate, does not constitute a complete failure to comply with Crim.R. 11(C)(2)(a)." *Id.* Thus, the trial court's misstatement of the maximum fine does not constitute a complete failure to comply with Crim.R. 11(C)(2)(a). *See State v. Rogers*, 12th Dist. Butler No. CA2019-11-194, 2020-Ohio-4102, ¶ 23 (vacating the defendant-appellant's plea for making no mention of the fine and noting that "[t]he trial court did not simply misinform Rogers about the fine, such as the amount or whether it was mandatory or discretionary").

{¶14} Furthermore, although Spangler baldly asserts he would not have entered a guilty plea if he was accurately informed of the maximum fine, he has failed to demonstrate how he was prejudiced by the trial court's misstatement. In

fact, the record indicates that Spangler had actual knowledge of the maximum fine at the time he entered his guilty plea. (Doc. No. 36). Specifically, the change-of-plea petition initially indicated that the maximum fine for the offense was $5,000. (*Id.*). However, the $5,000 figure is crossed out by hand and $10,500 was handwritten below it. (*Id.*). The initials of Spangler and his trial counsel appear next to the correction. (*Id.*). Thus, the record indicates that Spangler was actually aware of the maximum fine associated with fourth-degree felony OVI.

{¶15} Accordingly, we decline to adopt Spangler's argument and find that his guilty plea was knowingly, intelligently, and voluntarily made.

{¶16} Spangler's second assignment of error is overruled.

## First Assignment of Error

**The trial court erred when it imposed a fine above the statutory minimum without making a finding that Spangler had the ability to pay.**

{¶17} In his first assignment of error, Spangler argues that the trial court erred by imposing a fine above the statutory minimum without specifically making a finding that he had the ability to pay. We disagree.

### *Relevant Law*

{¶18} R.C. 2929.19(B)(5) requires a trial court to "consider the offender's present and future ability to pay" before imposing a financial sanction or fine under R.C. 2929.18 or 2929.32, respectively. "'The trial court is not required to hold a hearing on ability to pay, nor are there any specific factors to consider or findings

to make.'" *State v. Wilkins*, 3d Dist. Shelby No. 17-13-13, 2014-Ohio-983, ¶ 17, quoting *State v. Parker*, 183 Ohio App.3d 431, 2009-Ohio-3667, ¶ 13 (3d Dist.). "'Furthermore, "a trial court need not explicitly state in its judgment entry that it considered a defendant's ability to pay a financial sanction. Rather, [appellate] courts look to the totality of the record to see if the requirement has been satisfied."'" *Id.*, quoting *State v. Crish*, 3d Dist. Allen No. 1-08-13, 2008-Ohio-5196, ¶ 50, quoting *State v. Smith*, 4th Dist. Ross No. 06CA2893, 2007-Ohio-1884, ¶ 42.

**{¶19}** "'"'[W]hen a trial court has imposed a financial sanction without even a cursory inquiry into the offender's present and future means to pay the amount imposed, the failure to make the requisite inquiry is an abuse of discretion."'"' *Parker* at ¶ 13, quoting *State v. Haney*, 180 Ohio App.3d 554, 2009-Ohio-149, ¶ 22 (4th Dist.), quoting *State v. Henderson*, 4th Dist. Vinton No. 07CA659, 2008-Ohio-2063, ¶ 5.

*Analysis*

**{¶20}** Our review of the record indicates that the trial court considered Spangler's financial situation, specifically his present and future ability to pay before imposing the $5,000 fine.

**{¶21}** At the sentencing hearing, Spangler's trial counsel requested the trial court grant Spangler work release, and in so doing, provided the trial court with specific information regarding Spangler's financial situation. (Jan. 23, 2023 Tr. at 5). Spangler's counsel stated that Spangler was a self-employed contractor that

desires to continue running his business while serving his term of local incarceration. (*Id.*). In fact, Spangler's counsel offered to permit the trial court to inspect several pending contracts, including contracts for $55,600 and $3,500. (*Id.*). The trial court also addressed Spangler's ability to work and present and future ability to pay and acknowledged that Spangler had been "going to work" and "paying [his] bills," and functioning as a member of society in spite of his apparent struggles with alcohol. (*Id.* at 8-9). Although the trial court did not grant Spangler's oral request for work release at the sentencing hearing, it indicated that it would grant a properly-filed motion for work release provided that it was "reasonable" and identified with specificity Spangler's location and anticipated activities and whereabouts. (*Id.* at 12).

{¶22} Furthermore, the trial court stated that it had "thoroughly read and reviewed" the PSI prepared in this case. (*Id.* at 10). The PSI included information relating to Spangler's educational background, health, work history, and financial situation. (*See* PSI). Specifically, the PSI indicated that Spangler graduated from college with an associate's degree in business and continued his education for several quarters at a four-year university. (PSI). Additionally, the PSI indicated that Spangler is 58 years old, in good physical and mental health, and is not under a physician's care or prescribed any medications. (PSI). The PSI stated that Spangler has operated a construction company since 2005 and Spangler estimated his income at $3,200 per month, with some fluctuations due to the economy, COVID-19 health

crisis, and the seasonal nature of the business. (PSI). Moreover, Spangler's estimated income exceeded his itemized monthly expenses. (PSI). *See State v. West,* 3d Dist. Seneca No. 13-22-07, 2022-Ohio-4069 ¶ 27-29; *Parker*, 2009-Ohio-3667, at ¶ 14-16; *State v. Clifford*, 3d Dist. Paulding No. 11-04-06, 2005-Ohio-958, ¶ 14, *reversed on other grounds*, *In re Ohio Criminal Sentencing Statutes Cases*, 109 Ohio St.3d 313, 2006-Ohio-2109; *Crish,* 2008-Ohio-5196, at ¶ 50 ("When the trial court considers information in the [PSI] relating to the defendant's age, health, education, and employment history, that is sufficient to comply with R.C. 2929.19(B)[5].").  Accordingly, the record indicates that the trial court considered Spangler's present and future ability to pay and we reject his argument to the contrary.

{¶23} Spangler's first assignment of error is overruled.

### Conclusion

{¶24} For the foregoing reasons, Spangler's assignments of error are overruled.  Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the Logan County Court of Common Pleas.

***Judgment Affirmed***

**WILLAMOWSKI, P.J. and WALDICK, J., concur.**

**/hls**