[Cite as *State v. Boyd*, 2023-Ohio-2812.]

## IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                CASE NO.  9-22-24

    v.

SHAD BOYD,                            **O P I N I O N**

    DEFENDANT-APPELLANT.

Appeal from Marion County Common Pleas Court
Trial Court No.  21-CR-533

**Judgment Affirmed**

**Date of Decision:  August 14, 2023**

APPEARANCES:

    *April F. Campbell* **for Appellant**

    *Raymond A. Grogan, Jr.* **for Appellee**

**MILLER, P.J.**

{¶1} Defendant-appellant, Shad Boyd ("Boyd"), appeals the April 22, 2022 judgment of sentence of the Marion County Court of Common Pleas. For the reasons that follow, we affirm.

{¶2} On December 8, 2021, the Marion County Grand Jury indicted Boyd on two counts: Count One of possession of a deadly weapon while under detention in violation of R.C. 2923.131(B), (C)(2)(d)(i), a fourth-degree felony, and Count Two of aggravated possession of drugs in violation of R.C. 2925.11(A), (C)(1)(a), a fifth-degree felony. On December 20, 2021, Boyd appeared for arraignment and pleaded not guilty to the counts in the indictment.

{¶3} A change-of-plea hearing was held on March 21, 2022. At the hearing, the trial court was informed that Boyd and the State had reached a negotiated plea agreement. Boyd would plead guilty to Count One. In exchange, the State would request dismissal of Count Two. There was no agreement as to sentencing. Prior to the change-of-plea hearing, Boyd reviewed and executed a written plea agreement. The trial court accepted Boyd's guilty plea as to Count One and found him guilty. At the recommendation of the State, the trial court entered a nolle prosequi as to Count Two.

{¶4} At the sentencing hearing held on April 21, 2022, the trial court sentenced Boyd to 12 months in prison. The trial court furthered ordered Boyd's

-2-

sentence in the instant case to be served consecutively to his sentence in Allen County Case Number CR 2019 0303. The trial court filed its judgment entry of sentence the following day.[1]

{¶5} On April 27, 2022, Boyd filed his notice of appeal. He raises one assignment of error for our review.

**Assignment of Error**

**Boyd's conviction should be reversed because the trial court could not accept Boyd's guilty plea under Crim.R. 11(C), and his plea was not knowing, voluntary, and intelligent.**

{¶6} In his assignment of error, Boyd argues the trial court failed to comply with Crim.R. 11(C)(2)(a) before it accepted his guilty plea to possession of a deadly weapon while under detention. Specifically, Boyd contends the trial court erred by not informing him that any prison sentence for this offense is required to be imposed consecutively pursuant to R.C. 2929.14(C)(2).

*Felony Pleas & Crim.R. 11(C)*

{¶7} "Because a no-contest or guilty plea involves a waiver of constitutional rights, a defendant's decision to enter a plea must be knowing, intelligent, and voluntary." *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, ¶ 10. "If the plea

---

[1] In its judgment entry of sentence, the trial court did not explicitly state that the consecutive sentences were mandatory pursuant to R.C. 2929.14(C)(2). (Doc. No. 27). Rather, the judgment entry of sentence discusses the consecutive-sentencing factors set forth in R.C. 2929.14(C)(4). (*Id.*). However, at the sentencing hearing, the trial court discussed both R.C. 2929.14(C)(2) and 2929.14(C)(4) when fashioning Boyd's sentence. (Apr. 21, 2022 Tr. at 11-12).

was not made knowingly, intelligently, and voluntarily, enforcement of that plea is unconstitutional." *Id.*

{¶8} Crim.R. 11, which outlines the procedures that trial courts must follow when accepting pleas, "'ensures an adequate record on review by requiring the trial court to personally inform the defendant of his rights and the consequences of his plea and determine if the plea is understandingly and voluntarily made.'" *Id.* at ¶ 11, quoting *State v. Stone*, 43 Ohio St.2d 163, 168 (1975). Crim.R. 11(C), which applies specifically to a trial court's acceptance of pleas in felony cases, provides in relevant part as follows:

> (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally * * * and doing all of the following:
>
> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
>
> (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
>
> (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable

doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

Crim.R. 11(C)(2)(a)-(c).

**{¶9}** "When a criminal defendant seeks to have his conviction reversed on appeal, the traditional rule is that he must establish that an error occurred in the trial-court proceedings and that he was prejudiced by that error." *Dangler* at ¶ 13. However, in the criminal-plea context, the Supreme Court of Ohio has carved out two limited exceptions to the prejudice component of the traditional rule. *Id.* at ¶ 14-15. First, when a trial court fails to explain the constitutional rights listed in Crim.R. 11(C)(2)(c) that a defendant waives by pleading guilty or no contest, it is presumed that the plea was entered involuntarily and unknowingly, and no showing of prejudice is required. *Id.* at ¶ 14. Second, "a trial court's *complete* failure to comply with a portion of Crim.R. 11(C) eliminates the defendant's burden to show prejudice." (Emphasis sic.) *Id.* at ¶ 15. "Aside from these two exceptions, the traditional rule continues to apply: a defendant is not entitled to have his plea vacated unless he demonstrates he was prejudiced by a failure of the trial court to comply with the provisions of Crim.R. 11(C)." *Id.* at ¶ 16.

*Analysis*

**{¶10}** In determining whether to vacate a defendant's plea due to a trial court's alleged noncompliance with Crim.R. 11(C), we engage in a three-step inquiry. First, we ask whether the trial court has complied with the relevant portion

of Crim.R. 11(C). *Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, at ¶ 17. If we determine that the trial court has not complied fully with the relevant portion of Crim.R. 11(C), we then query whether the failure is "of a type that excuses a defendant from the burden of demonstrating prejudice." *Id.* Finally, if we find that the failure is not one of the two types that relieves the defendant of his burden to demonstrate prejudice, we ask whether the defendant has shown that he was prejudiced by the trial court's noncompliance with Crim.R. 11(C). *Id.* Applying, this analysis to the facts of this case, we conclude that Boyd is not entitled to a vacation of his guilty plea.

{**¶11**} Boyd argues his conviction should be reversed because the trial court failed to inform him that if he were sentenced to a prison term for possession of a deadly weapon while under detention, the prison term was statutorily required to run consecutively to the term he was serving during the commission of the offense. Accordingly, Boyd contends the trial court did not inform him of the maximum sentence pursuant to Crim.R.11 (C)(2)(a).

{**¶12**} At the change-of-plea hearing, the trial court engaged in the following dialogue with Boyd relating to the maximum penalty:

> [Trial Court]: I need to make sure that you understand the maximum possible consequences for entering this guilty plea. I need to make sure [you] understand the rights you're giving up by pleading guilty. And I need to make sure you're doing it all voluntarily.

> So, I'm going to start with that first one, the maximum possible consequences. By pleading guilty to this Count 1, Possession of a Deadly Weapon While Under Detention, a felony of the fourth degree, you're subjecting yourself to the maximum possible penalty for a felony of the fourth degree being up to 18 months in prison. And up to a $5,000.00 fine. You understand that?

[Boyd]: Yes, I do.

(Mar. 21, 2022 Tr. at 8-9).

**{¶13}** The trial court also explained that if Boyd is sent to prison, upon his release, he could be subject to post-release control. (*Id.* at 10). Additionally, the trial court informed Boyd that, in lieu of prison, he could receive up to five years of community control. (*Id.* at 10-11).

**{¶14}** R.C. 2929.14(C)(2) provides, in pertinent part:

> [I]f an offender who is under detention at a detention facility commits a felony violation of section 2923.131 of the Revised Code, * * * any prison term imposed upon the offender for one of those violations shall be served by the offender consecutively to the prison term or term of imprisonment the offender was serving when the offender committed that offense and to any other prison term previously or subsequently imposed upon the offender.

**{¶15}** Accordingly, although a prison sentence was required to be imposed consecutively to the term of imprisonment Boyd was serving when committing the instant offense, the trial court was not required to impose a prison sentence. *See* R.C. 2929.14(C)(2).

**{¶16}** Boyd's argument, that the trial court must inform a defendant that a sentence must run consecutively to any other prison term, is not a novel one and has been considered by other Ohio appellate courts. *See State v. Shade*, 2d Dist. Montgomery Nos. 29373 and 29374, 2022-Ohio-3845, ¶ 14; *State v. Bailey*, 9th Dist. Summit Nos. 28003, 28004, and 28005, 2016-Ohio-4937, ¶ 17. For instance, in *State v. Norman*, the Eighth District Court of Appeals held that when a statute mandates that sentences must be served consecutively, the consecutive nature "directly affects the length of the sentence, thus becoming a crucial component of what constitutes the 'maximum' sentence." *State v. Norman*, 8th Dist. Cuyahoga No. 91302, 2009-Ohio-4044, ¶ 7. However, the holdings of such cases only apply "when the imposition of consecutive sentences is a foregone conclusion at the time the plea is entered and accepted, that is, only in cases where 'a mandatory, consecutive prison term was a guaranteed consequence of appellant's guilty plea.'" *State v. Milhoan*, 6th Dist. Lucas Nos. L-10-1328, L-10-1329, 2011-Ohio-4741, ¶ 35, quoting *Norman* at ¶ 9.[2]

---

[2] In *State v. Crose*, this court recently applied the holding from the Supreme Court of Ohio's decision in *State v. Jones*, _____ Ohio St.3d ___, 2022-Ohio-4485, that a reserved prison term imposed for a community control violation may only be imposed consecutively to another prison term, if the trial court specifically notified the defendant of the potential for consecutive sentences when the prison term was reserved. *State v. Crose*, 3d Dist. Crawford No. 19-CR-0446, 2023-Ohio-880, ¶ 19-21. Because the trial court failed to inform Crose of this potential sentencing ramification, the trial court erred by ordering the two prison terms to be served consecutively. *Id.* at ¶ 20. However, because the instant case does not concern a reserved prison term, it is readily distinguishable from *Crose*.

{¶17} When Boyd entered his guilty plea, it was not a "foregone conclusion" he would receive a prison sentence, let alone a consecutive one. *See Shade*, 2022-Ohio-3845, at ¶ 16. Boyd was informed at the time he made his guilty plea that he was eligible for community-control sanctions, "so despite the *possibility* of incurring a consecutive sentence, it was not a 'guaranteed consequence'" of Boyd's guilty plea. (Emphasis sic.) *Id.* Accordingly, we decline to adopt Boyd's argument and find that his guilty plea was knowingly, intelligently, and voluntarily made. Accordingly, his assignment of error is overruled.

### *Conclusion*

{¶18} For the foregoing reasons, Boyd's assignment of error is overruled. Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the Marion County Court of Common Pleas.

***Judgment Affirmed***

**WILLAMOWSKI and ZIMMERMAN, J.J., concur.**

**/jlr**