[Cite as *State v. Hashman*, 2023-Ohio-3853.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | Nos. 22AP-185, 22AP-186, 22AP-187, 22AP-188, 22AP-189, 22AP-190, & 22AP-191 |
| v. | : | (C.P.C. Nos. 19CR-6512, 21CR-873, 21CR-1587, 21CR-1790, 21CR-3100, 21CR-3137, & 21CR-4429) |
| Irvin H. Hashman, | : | |
| Defendant-Appellant. | : | (REGULAR CALENDAR) |
| | : | |

D E C I S I O N

Rendered on October 24, 2023

**On brief:** *G. Gary Tyack*, Prosecuting Attorney, and *Seth L. Gilbert*, for appellee. **Argued:** *Seth L. Gilbert*.

**On brief:** *Siewert & Gjostein Co. LPA*, and *Thomas A. Gjostein*, for appellant. **Argued:** *Thomas A. Gjostein*.

APPEALS from the Franklin County Court of Common Pleas

BOGGS, J.

{¶ 1} Defendant-appellant, Irvin H. Hashman, appeals from the judgments of conviction and sentence entered by the Franklin County Court of Common Pleas, after Hashman entered guilty pleas to charges of possession of cocaine, a fifth-degree felony; receiving stolen property, a fourth-degree felony; receiving stolen property, a fourth-degree felony; receiving stolen property, a fifth-degree felony; theft of a motor vehicle, a fourth-degree felony; vandalism, a fourth-degree felony; theft of a motor vehicle, a fourth-degree felony; and possession of a fentanyl-related compound, a fifth-degree felony. For the following reasons, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} Hashman was indicted in seven cases between December 17, 2019 and October 22, 2021: (1) Franklin C.P. No. 19CR-6512 for possession of cocaine a fifth-degree felony and for possession of drugs a fifth-degree felony, (2) Franklin C.P. No. 21CR-873 for receiving stolen property a fourth-degree felony, (3) Franklin C.P. No. 21CR-1587 for receiving stolen property a fourth-degree felony, (4) Franklin C.P. No. 21CR-1790 for receiving stolen property a fifth-degree felony, (5) Franklin C.P. No. 21CR-3100 for breaking and entering a fifth-degree felony, for theft of a motor vehicle a fourth-degree felony, for receiving stolen property a fourth-degree felony, and for vandalism a fourth-degree felony, (6) Franklin C.P. No. 21CR-3137 for theft of a motor vehicle a fourth-degree felony and for breaking and entering a fifth-degree felony, and (7) Franklin C.P. No. 21CR-4429 for receiving stolen property a fourth-degree felony, and for possession of a fentanyl-related compound a fifth-degree felony.

{¶ 3} On January 10, 2022, Hashman entered guilty pleas in each of the seven cases. Hashman pled guilty as follows: in case No. 19CR-6512 for possession of cocaine a fifth-degree felony, in case No. 21CR-873 for receiving stolen property a fourth-degree felony, in case No. 21CR-1587 for receiving stolen property a fourth-degree felony, in case No. 21CR-1790 for receiving stolen property a fifth-degree felony, in case No. 21CR-3100 theft of a motor vehicle a fourth-degree felony, and vandalism a fourth-degree felony, in case No. 21CR-3137 for theft of a motor vehicle a fourth-degree felony, and in case No. 21CR-4429 for possession of a fentanyl-related compound a fifth-degree felony.

{¶ 4} Prior to Hashman entering his guilty pleas, the trial court engaged in a Crim.R. 11 colloquy wherein the trial court informed Hashman of the various rights he was waiving by pleading guilty and of the maximum penalty for each count. With respect to case No. 21CR-3100, the only case in which Hashman was pleading guilty to more than one count, the court also informed Hashman that his sentences for the two fourth-degree felony counts could be ordered to be served consecutively, for a maximum penalty "on that case" of 36 months. (Jan. 10, 2022 Tr. at 7.) Hashman confirmed that he understood the maximum possible penalty for each count and that he understood he was waiving certain rights in pleading guilty.

{¶ 5} On February 23, 2022, the trial court sentenced Hashman to the following prison terms in the custody of the Ohio Department of Rehabilitation and Correction: in case No. 19CR-6512, 12 months; in case No. 21CR-873, 12 months; in case No. 21CR-1587, 18 months, plus payment of restitution in the amount of $5,684; in case No. 21CR-1790, 6 months; in case No. 21CR-3100, 18 months for both counts to run concurrently; in case No. 21CR-3137, 12 months; and in case No. 21CR-4429, 9 months. The trial court ordered that the sentences in case Nos. 21CR-873, 21CR-1587, 21CR-3100, and 21CR-3137 run consecutively to each other, for an aggregate prison sentence of 60 months. The trial court found that "consecutive sentences were necessary to protect the public from future crimes or punish the offender" and that consecutive sentences were "not disproportionate to the seriousness of the Defendant's conduct and the danger imposed to the public." (Feb. 23, 2022 Tr. at 12.) Hashman now submits this appeal.[1]

## II. ASSIGNMENT OF ERROR

{¶ 6} In his appeal, Hashman asserts the following sole assignment of error:

> THE TRIAL COURT ERRED IN ITS PLEA COLLOQUY WITH THE APPELLANT PURSUANT TO CRIMINAL RULE NOS. 11(C)(2)(b) & 11(C)(3)[2] OF THE OHIO RULES FOR FAILING TO STATE THAT POTENTIAL CONSECUTIVE SENTENCES COULD BE IMPOSED OVER ANY OF THE SEVEN SEPARATE CASES.

(Appellant's Brief at 6.)

## III. ANALYSIS

{¶ 7} Hashman argues that the trial court did not fully inform him of the potential sentences under Crim.R. 11 (C)(2) prior to entering his guilty pleas because the trial court did not adequately inform him that his sentences could be imposed consecutively.

{¶ 8} A felony defendant is entitled, pursuant to Crim.R. 11(C)(2), to be informed of various constitutional and non-constitutional rights prior to entering a plea of guilty or

---

[1] On April 6, 2023, this court sua sponte issued a stay pending the Supreme Court of Ohio's decision in *State v. Tancak*, case No. 2022-0515. On August 1, 2023, however, the Supreme Court dismissed *Tancak* for being improvidently accepted. On September 1, 2023, this court reactivated these appeals.

[2] We note that Hashman's assignment of error references Crim.R. 11(C)(3), which applies to a defendant charged with aggravated murder. Because Hashman was not charged with aggravated murder and because he does not make an argument with respect to Crim.R. 11(C)(3), we decline to address it.

no contest. *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, ¶ 6. Crim.R. 11(C)(2) provides:

> In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally either in-person or by remote contemporaneous video in conformity with Crim.R. 43(A) and doing all of the following:
>
> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
>
> (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
>
> (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶ 9} To be valid, a defendant's plea must be entered voluntarily, knowingly, and intelligently. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, ¶ 25. " ' "[F]or a guilty plea to be voluntarily and intelligently entered, the defendant must be informed that he is waiving" ' the constitutional rights listed in Crim.R. 11(C)(2)(c)." *State v. Miller*, 159 Ohio St.3d 447, 2020-Ohio-1420, ¶ 13, quoting *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, ¶ 25-26, quoting *State v. Ballard*, 66 Ohio St.2d 473, 477-78 (1981). When a trial judge fails to explain to a defendant the constitutional rights set forth in Crim.R. 11(C)(2)(c), the defendant's guilty or no-contest plea is invalid " 'under a presumption that it was entered involuntarily and unknowingly.' " *Clark* at ¶ 31, quoting *Griggs* at ¶ 12. "[A] trial court's failure to notify a defendant of his constitutional rights listed in Crim.R. 11(C)(2)(c) amounts to plain error. *Miller* at ¶ 13, citing *Veney* at ¶ 24, citing *Ballard* at 476-77.

{¶ 10} For the non-constitutional rights set out in Crim.R. 11(C)(2)(a) and (b), the trial court need only substantially comply with the mandates of Crim.R. 11. *State v. Nero*, 56 Ohio St.3d 106, 108 (1990). "Substantial compliance" means that, under the totality of the circumstances, the defendant subjectively understands the implications of his plea and the rights he is waiving. *Veney* at ¶ 15, citing *Nero* at 108. A defendant who challenges his guilty plea on the basis that the advisement for the non-constitutional rights did not substantially comply with Crim.R. 11(C)(2)(a) must also show a prejudicial effect, meaning the plea would not have been otherwise entered. *Id.*

{¶ 11} While Hashman does not allege constitutional violations during his plea colloquy, we now turn to Hashman's argument that the trial court committed prejudicial error under Crim.R. 11(C)(2)(a) by not informing Hashman that his individual sentences could be ordered to run consecutively. The mandate that the defendant must understand the maximum penalty is a non-constitutional right. *State v. Draughn*, 10th Dist. No. 15AP-632, 2016-Ohio-1240, ¶ 7. In *State v. Johnson*, 40 Ohio St.3d 130, 133 (1988), the Supreme Court concluded, "neither the United States Constitution nor the Ohio Constitution requires that in order for a guilty plea to be voluntary a defendant must be told the maximum total of the sentences he faces, or that the sentence could be imposed consecutively." While Crim.R. 11 has been amended since the court's holding in *Johnson*, the analysis of the Supreme Court in *State v. Bishop*, 156 Ohio St.3d 156, 2018-Ohio-5132, suggests that the court did not view the amendments as abrogating the basic holding from *Johnson*. In *Bishop*, the court distinguished *Johnson* and held that, unlike the failure to tell Johnson that his sentences could run consecutively, which did not violate Crim.R. 11(C)(2), the failure to inform Bishop that he was subject to a separate and additional consecutive 12-month sentence for violation of his post-release control was a violation of Crim.R. 11(C)(2). *Bishop* at ¶ 16.

{¶ 12} Unless consecutive sentences are statutorily required, the imposition of consecutive or concurrent sentences is a matter of judicial discretion. "Only after the judge has imposed a separate prison term for each offense may the judge then consider in his discretion whether the offender should serve those terms concurrently or consecutively." *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, ¶ 9, citing *State v. Foster*, 109 Ohio

St.3d 1, 2006-Ohio-856, paragraph seven of the syllabus, ¶ 100, 102, 105; R.C. 2929.12(A); *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, paragraph three of the syllabus.

{¶ 13} Here, the trial court informed Hashman of the maximum sentence for each count and therefore substantially complied with the requirements under Crim.R. 11(C)(2)(a). Hashman directs this court to *Clark*, 2008-Ohio-3748, which instructs trial judges to only accept a plea of guilty after they have addressed the defendant personally and "[d]etermine[d] that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved." *Id.* at ¶ 27. However, the maximum penalty involved as interpreted in *Johnson* is the maximum penalty for each count, rather than the maximum penalty over all sentences.

{¶ 14} We note that Ohio trial judges must consider each count separately when imposing sentences rather than packaging all sentences together. "Instead of considering multiple offenses as a whole and imposing one, overarching sentence to encompass the entirety of the offenses as in the federal sentencing regime, a judge sentencing a defendant pursuant to Ohio law must consider each offense individually and impose a separate sentence for each offense." *Saxon* at ¶ 9. When a defendant is engaging with a trial court in a Crim.R. 11 plea colloquy, the judge would be considering each offense separately, rather than as a package. Here, the trial court properly informed Hashman of the maximum sentence for each count, and following its acceptance of Hashman's guilty pleas, the court then properly exercised its discretion in ordering some of Hashman's sentences to run consecutively. Accordingly, we overrule Hashman's sole assignment of error.

{¶ 15} We are not unsympathetic to Hashman's argument that defendants should have a full picture of the charges and potential sentences they face when deciding to enter a guilty plea. However, we recognize the law here is clear against levying additional plea colloquy duties upon trial court judges beyond substantial compliance with the non-constitutional requirements of Crim.R. 11(C)(2). Nevertheless, we urge trial judges, as a best practice, to inform defendants during a plea colloquy of the maximum, cumulative total of the various individual sentences the defendant would face should the court subsequently order sentences to run consecutively rather than concurrently.

## IV. CONCLUSION

{¶ 16} Having overruled Hashman's sole assignment of error, we affirm the judgments of the Franklin County Court of Common Pleas.

*Judgments affirmed.*

EDELSTEIN and LELAND, JJ., concur.

---