[Cite as *State v. Poth*, 2025-Ohio-2294.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## CRAWFORD COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

GARY POTH,

    DEFENDANT-APPELLANT.

CASE NO. 3-24-08

OPINION AND
JUDGMENT ENTRY

Appeal from Crawford County Common Pleas Court
Trial Court No. 23-CR-0018

Judgment Affirmed

Date of Decision: June 30, 2025

APPEARANCES:

    *Kimberly K. Corral* and *Gabrielle M. Ploplis* for Appellant

    *Ryan M. Hoovler* for Appellee

**MILLER, J.**

{¶1} Defendant-Appellant, Gary Poth ("Poth"), appeals from the March 1, 2024 sentencing entry issued by the Crawford County Court of Common Pleas. Poth argues his guilty plea was not knowingly, voluntarily, and intelligently made. For the reasons that follow, we affirm.

## I.     FACTS AND PROCEDURAL HISTORY

{¶2} On January 24, 2023, the Crawford County Grand Jury indicted Poth on four counts, some with accompanying gun specifications:

> Count One – Felonious Assault in violation of R.C. 2903.11(A)(2), a second-degree felony, with accompanying specifications pursuant to R.C. 2941.145(A) and R.C. 2941.146(A);
>
> Count Two – Discharge of Firearm on or Near Prohibited Premises in violation of R.C. 2923.162(A)(3), a third-degree felony, with accompanying specifications pursuant to R.C. 2941.145(A) and R.C. 2941.146(A);
>
> Count Three – Having Weapons While Under Disability in violation of R.C. 2923.13(A)(2), a third-degree felony; and
>
> Count Four – Aggravated Possession of Drugs in violation of R.C. 2925.11(A), a fifth-degree felony.

On March 1, 2024, in accordance with a written plea agreement, Poth pleaded guilty to the four counts in exchange for dismissal of the gun specifications. Among other things, the written plea agreement—which was signed by the prosecutor, Poth, and Poth's counsel—set forth the maximum penalty for each count and then specifically stated that Poth "understand[s] that any prison terms for multiple charges, even if

Case No. 3-24-08

consecutive sentences are not mandatory, may be imposed consecutively by the Court." Poth's written plea agreement also specifically states: "I understand the nature of these charges and the possible defenses I might have."

**{¶3}** During the plea colloquy on March 1, 2024, the following exchanges took place between the trial court and Poth:

> [THE COURT:] . . . [O]n count one, the recommendation is three years all the way up to 4.5. Now, the maximum would have been eight years up to 12, but it's three up to 4.5. Do you understand that?
>
> GARY W. POTH: Yes.
>
> THE COURT: Okay. Now, you will get jail time credit. All right. You're also gonna get 36 months on count two, 36 months on count three, 12 months on count four. So you're gonna get the max on the last three charges, but instead of eight to 12, you'll only do three to 4.5 on the felonious assault. Do you understand that?
>
> GARY W. POTH: (Inaudible.)
>
> THE COURT: So if I add all that up, it basically is going to be 10 years. All right. But it really will be 10 to 11.5. Do you understand that?
>
> GARY W. POTH: Yes.
>
> . . .
>
> THE COURT: . . . Your sentence is gonna be three to 4.5 years plus 84 months. Okay. That's basically what the sentence is gonna be.
>
> . . .
>
> THE COURT: Now, look, this has been a very long negotiation process. I think it's important to put that on the record. Parties have gone back and forth here. There was, quite frankly, a substantial amount of time with those gun specs. . . .

(Mar. 1 2024 Tr. at 4-5, 10, 14).

{¶4} After accepting Poth's guilty pleas, the trial court proceeded directly to sentencing, at which time the trial court sentenced Poth in line with the joint recommended sentence. Specifically, it sentenced Poth "to an indeterminate sentence of a mandatory period of incarceration of 3 years up to 4.5 years in prison, with jail time credit, on Count 1, consecutive to 36 months in prison on count 2, consecutive to 36 months in prison on count 3, consecutive to 12 months in prison on count 4, for a total of 3 to 4.5 years and 84 months in prison." (Mar. 1, 2024 Sentencing Entry at 1). This appeal followed.

## II. ASSIGNMENT OF ERROR

{¶5} Poth raises a single assignment of error for our review:

**Gary Poth's guilty plea was not knowingly, voluntarily, and intelligently made.**

## III. DISCUSSION

{¶6} In the assignment of error, Poth argues the trial court failed to comply with Crim.R. 11(C)(2)(a)'s requirement that, in personally addressing the defendant, a trial court shall not accept a guilty plea without "[d]etermining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved . . . ." Crim.R. 11(C)(2)(a). He admits the trial court in its colloquy explained the maximum penalty for each offense but asserts the trial court did "not explain that each *count* can and will be

imposed consecutively to one another." (Emphasis in original.) (Appellant's Brief at 7, 11-12).

### A. Applicable Law

{¶7} "[A] defendant's decision to enter a plea must be knowing, intelligent, and voluntary." *State v. Dangler*, 2020-Ohio-2765, ¶ 10. "Ohio's Crim.R. 11 outlines the procedures that trial courts are to follow when accepting pleas." *Id.* at ¶ 11. In relevant part, that rule states:

> In felony cases the court . . . shall not accept a plea of guilty or no contest without first addressing the defendant personally . . . and doing all of the following: (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing. . . .

Crim.R. 11(C)(2)(a).

{¶8} "When a criminal defendant seeks to have his conviction reversed on appeal, the traditional rule is that he must establish that an error occurred in the trial-court proceedings and that he was prejudiced by that error." *Dangler* at ¶ 13. However, in the criminal-plea context, the Supreme Court of Ohio has recognized two limited exceptions to the prejudice component of this traditional rule. *Id.* at ¶ 14. First, when a trial court fails to explain the constitutional rights listed in Crim.R. 11(C)(2)(c) that a defendant waives by pleading guilty or no contest, it is presumed that the plea was entered involuntarily and unknowingly, and no showing of prejudice is required. *Id.* Second, "a trial court's *complete* failure to comply with

a portion of Crim.R. 11(C) eliminates the defendant's burden to show prejudice." (Emphasis in original.) *Id.* at ¶ 15. "Aside from these two exceptions, the traditional rule continues to apply: a defendant is not entitled to have his plea vacated unless he demonstrates he was prejudiced by a failure of the trial court to comply with the provisions of Crim.R. 11(C)." *Id.* at ¶ 16.

{¶9} Therefore, "[i]n determining whether to vacate a defendant's plea due to a trial court's alleged noncompliance with Crim.R. 11(C), we engage in a three-step inquiry." *State v. Boyd*, 2023-Ohio-2812, ¶ 10 (3d Dist.). First, "has the trial court complied with the relevant provision of the rule?" *Dangler* at ¶ 17. Second, "if the court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice?" *Id.* In other words, do either of the two limited exceptions apply? Third, "if a showing of prejudice is required, has the defendant met that burden?" *Id.* "The test for prejudice is 'whether the plea would have otherwise been made.'" *Id.* at ¶ 16, quoting *State v. Nero*, 56 Ohio St.3d 106, 108 (1990). Prejudice must be established on the face of the record. *Id.* at ¶ 24.

### B. Analysis

{¶10} In the first step of our three-step inquiry, we will simply assume, *without deciding*, that the trial court did not comply with the relevant provision of

Crim.R. 11(C)(2)(a) concerning the maximum penalty involved.[1] Yet, regarding Poth's argument that the trial court failed to explain that each count "will be" imposed consecutively to one another during sentencing, we clarify that there is no such requirement. *State v. Conner*, 2021-Ohio-1769, ¶ 14 (3d Dist.) (Crim.R. 11(C)(2)(a) does not require a trial court to advise a defendant, at the change-of-plea hearing, of the prison term it will order at the sentencing hearing).

{¶11} Next, the second inquiry is answered in the negative. The purported failure is not of a type that excuses a defendant from the burden of demonstrating prejudice. Neither of the two limited exceptions applies. Poth does not allege the trial court failed to explain the constitutional rights Poth was waiving. Nor does he contend a complete failure by the trial court in complying with Crim.R.11(C). *See State v. Smith*, 2025-Ohio-1548, ¶ 19 (8th Dist.) (trial court did not "completely fail to advise [defendant] of the maximum penalty as required by Crim.R. 11(C)(2)(a)" where the trial court advised the defendant "of the maximum penalty for each count to which he would be pleading guilty"); *State v. Hashman*, 2023-Ohio-3853, ¶ 13 (10th Dist.) (informing defendant of the maximum sentence for each count at least substantially complied with the "maximum penalty involved" requirement under

---

[1] Currently, there is a lack of clarity in the law regarding whether a trial court fails to comply with Crim.R. 11(C)(2)(a) when it does not advise the defendant of the maximum aggregate prison sentence that can be imposed in the event the court ordered individual sentences to be served consecutively. *See State v. Berry*, 2023-Ohio-605, ¶ 7-16 (8th Dist.); *State v. Bishop*, 2018-Ohio-5132; *State v. Johnson*, 40 Ohio St.3d 130 (1988). Although a number of our sister appellate districts have specifically analyzed whether the Ohio Supreme Court's rule in *Johnson* remains good law even after the amendment to Crim.R. 11 in 1998, our court has not done so and it is unnecessary for us to do so now.

Crim.R. 11(C)(2)(a)). Rather, Poth challenges the thoroughness of the court's explanation of the potential sentencing ramifications. Thus, a showing of prejudice by Poth is required in this case.

{¶12} Arriving at the third inquiry, the question is whether Poth has met the burden of showing he was prejudiced by the trial court's alleged failure to comply with Crim.R. 11(C)(2)(a). He has not. In fact, Poth's argument is devoid of any claim of prejudice, i.e., that he would not have made his guilty plea had the trial court explained that each count could be imposed consecutively to one another. Moreover, the plea agreement specifically explained that consecutive sentences were possible. *See State v. Spangler*, 2024-Ohio-883, ¶ 14 (3d Dist.) (defendant did not show prejudice where the change-of-plea petition he and his counsel signed set forth the information he argued on appeal the trial court failed to explain concerning the "maximum penalty involved"). Ultimately, "[t]here is nothing in the record indicating that [Poth] would not have entered his plea had he been more thoroughly informed of the details of" the maximum aggregate prison sentence that could be imposed in the event the court ordered his individual sentences to be served consecutively. *Dangler*, 2020-Ohio-2765, at ¶ 24. Poth is not entitled to have his guilty plea vacated for an alleged failure to comply with Crim.R. 11(C).

{¶13} Finally, Poth also references the "understanding of the nature of the charges" requirement within Crim.R. 11(C)(2)(a). He does not actually argue that the trial court did not fulfill the requirement under that portion of the rule. Instead,

he argues trial counsel was ineffective because the record does not "sufficiently demonstrate[] that a representation was made by counsel that the defendant understood the nature of the offense," and "the record is devoid of any indication that counsel reviewed this information with Mr. Poth." (Appellant's Brief at 15). Poth is mistaken about the record. It shows Poth and his counsel specifically acknowledged in the plea agreement that he "understand[s] the nature of these charges and the possible defenses [he] might have."

## IV. CONCLUSION

{¶14} For the foregoing reasons, Poth's assignment of error is overruled. Having found no error prejudicial to the appellant in the particulars assigned and argued, we affirm the judgment of the Crawford County Court of Common Pleas.

*Judgment Affirmed*

**ZIMMERMAN and WILLAMOWSKI, J.J., concur.**

**/jlm**

# **JUDGMENT ENTRY**

For the reasons stated in the opinion of this Court, the assignment of error is overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered. The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. See App.R. 30.

Mark C. Miller, Judge

William R. Zimmerman, Judge

John R. Willamowski, Judge

DATED:
/jlm